Filed 2/28/22  P. v. Cheshire CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B312182 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA443099) |
| v. | |
| ANDREW EARL CHESHIRE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Laura F. Priver, Judge. Affirmed.

Elizabeth K. Horowitz, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Amanda V. Lopez and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

In 2017, appellant Andrew Earl Cheshire was convicted of attempted murder. In February 2021, he petitioned for resentencing under Penal Code section 1170.95, and requested the appointment of counsel.[1] The trial court summarily denied his petition without appointing counsel, finding both that persons convicted of attempted murder were ineligible for relief under section 1170.95, and that even if they were eligible, appellant was not.

On appeal, appellant does not dispute his ineligibility for relief. Instead, he argues that the court committed structural error in failing to appoint counsel, requiring reversal regardless of prejudice. The People agree the court erred in failing to appoint counsel, but contend the error is subject to harmless error analysis. The People further contend the error was harmless because appellant was necessarily convicted on a finding of malice, and not under the natural and probable consequences doctrine or the felony murder rule. We agree with the People and affirm.

## STATEMENT OF RELEVANT FACTS

In 2017, appellant was charged by amended information with one count of attempted murder (§§ 187, subd. (a) & 664), among other crimes. The jury convicted appellant of this charge after being instructed with CALCRIM No. 600, which provides, in pertinent part, that

---

[1] Undesignated statutory references are to the Penal Code.

2

the jury could do so only if it found appellant "intended to kill" the victim. No jury instructions referenced either felony murder or the natural and probable consequences doctrine. We affirmed the conviction in 2019 but remanded the matter to correct an error in custody credits and to permit the court to exercise its discretion in striking a firearm enhancement. (*People v. Cheshire* (May 22, 2019, B286092) 2019 Cal.App.Unpub. LEXIS 3528, *54, review den. Sep. 11, 2019, S256579.)

In February 2021, appellant filed a petition for resentencing under section 1170.95, alleging that a complaint, information, or indictment had been filed against him that permitted the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine; that he had been convicted of first or second degree murder; that he could not now be convicted of first or second degree murder due to the changes to sections 188 and 189; and requesting the appointment of counsel. In a declaration accompanying his petition, appellant admitted he was "convicted under Jury Instruction 600[,] Attempted Murder and 601[,] Attempted Murder: Deliberation and Premeditation."[2]

---

[2] The jury was instructed with CALCRIM No. 601, which provided that if the jury found appellant guilty of attempted murder, it was required to decide whether the attempted murder was done willfully and with deliberation and premeditation; the instruction explained how to make this determination. The jury found the premeditation allegation not true.

3

In April 2021, the court summarily denied appellant's petition, without appointing counsel. The court stated it had reviewed the jury instructions in the underlying case and found that the court had instructed the jury as to attempted murder (CALCRIM No. 600) and deliberate and premeditated attempted murder (CALCRIM No. 601), and that there were no other murder-related instructions given; no instructions on felony murder or the natural and probable consequences doctrine were given, and the prosecution did not rely on either of these theories. The court found that relief under section 1170.95 was unavailable to individuals convicted of attempted murder, and even if it were available, appellant "would not fall under the auspices" of section 1170.95. Appellant timely appealed.

## DISCUSSION

### A. *Governing Law*

"In 2018, the Legislature enacted Senate Bill No. 1437 . . . ." (*People v. Gentile* (2020) 10 Cal.5th 830, 838.) "Senate Bill 1437 'amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'" (*Id.* at 842.) Among other things, it "added section 188, subdivision (a)(3) (section 188(a)(3)): 'Except [for felony-murder liability]

4

as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought.  Malice shall not be imputed to a person based solely on his or her participation in a crime." (*Id.* at 842-843.)  Senate Bill No. 1437 also "added section 1170.95 to provide a procedure for those convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief . . . ." (*People v. Gentile, supra,* at 843.)

In October 2021, the Governor signed Senate Bill No. 775 (2021-2022 Reg. Sess.) (SB 775).  As pertinent here, SB 775 modified section 1170.95 to state that a person convicted of attempted murder under the natural and probable consequences theory could petition for relief.  (§ 1170.95, subd. (a) ["A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts"].)

### B.  *Analysis*

On appeal, appellant argues that the superior court erred in failing to appoint counsel after receiving appellant's

facially valid petition, and that this was structural error requiring reversal per se. While the People agree the court erred in denying appellant's petition without appointing counsel, they contend the error is subject to harmless error review, and that we should affirm the court's denial because appellant is ineligible for relief as a matter of law. We agree.

In *People v. Lewis* (2021) 11 Cal.5th 952, our Supreme Court held that "the deprivation of [a section 1170.95 petitioner]'s right to counsel under subdivision (c) of section 1170.95 [i]s state law error only, tested for prejudice under *People v. Watson* (1956) 46 Cal.2d 818." (*Id.* at 957-958.) We are bound by the pronouncements of our Supreme Court. (See, e.g., *Davis v. Honeywell Internat. Inc.* (2016) 245 Cal.App.4th 477, 493.)

Here, appellant admits his conviction of attempted murder occurred pursuant to CALCRIM No. 600, meaning that the jury necessarily found he acted with an intent to kill. "Malice is express when there is manifested a deliberate intention to unlawfully take away the life of a fellow creature." (§ 188, subd. (a)(1).) Thus, by convicting appellant of attempted murder, the jury necessarily found he acted with malice. Further, no jury instructions discussed either felony murder or the natural and probable consequences doctrine, and appellant points to nothing in the record indicating the prosecution proceeded under either theory. Because the jury instructions demonstrated as a matter of law that appellant was ineligible for relief, any error in failing to appoint counsel was harmless. (*People v.*

6

*Soto* (2020) 51 Cal.App.5th 1043, 1059, review granted Sep. 23, 2020, review dismissed Nov. 17, 2021, S263939 [no error in denying petition when jury instructions demonstrate as a matter of law that petitioner is not entitled to relief].)

## DISPOSITION

The order denying appellant's section 1170.95 petition is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**

MANELLA, P. J.

We concur:

WILLHITE, J.

COLLINS, J.